MINUTE ENTRY
ROBY, M. J.
July 22, 2009

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **MIRANDA MCCULLER, ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO:     05-1195** |
| **NAUTICAL VENTURES, LLC, ET AL.** | **SECTION: "L" (4)** |

**ORDER**

Before the Court is a **Motion For Protective Order (R. Doc. 125)** filed by the Defendant, Nautical Ventures, LLC ("Nautical"), seeking an Order from this Court precluding the Plaintiffs, Miranda McCuller and Benjamin McCuller (collectively, "the McCullers") from proceeding forward with their proposed Rule 30(b)(6) deposition Notice. The McCullers oppose the motion. (R. Doc. 130.) The motion was with oral argument on Wednesday, June 3, 2009.

**I.    Background**

The McCullers filed this negligence action against Nautical seeking damages for injuries sustained by Benjamin McCuller while working aboard the M/V C-LEGEND–a vessel owned and operated by Nautical. (R. Doc. 1, Compl. ¶ IV.) Mr. McCuller was using a rope ladder (hereinafter identified as "Jacob's ladder") to gain access to and exit from the vessel. (R. Doc. 1, Compl. ¶ IV.) The rope ladder broke, collapsed, or failed, causing injuries and resulting in the damages complained of. (R. Doc. 1, Compl. ¶ VII.) Accordingly, the McCullers seek $2,000,000.00 in damages for: lost

MJSTAR:  00:19

wages; medical expenses; lost fringe benefits; pain and suffering; past, present, and future mental anguish and emotional distress; disability; loss of physical and emotional function; loss of ability to enjoy life; loss of ability to pursue happiness; inconvenience; and embarrassment. (R. Doc. 1, Compl. ¶ VIII-X.)

Nautical asserts that discovery in this case has been extensive, emphasizing that discovery has been ongoing for the past four years. (R. Doc. 125-2, p. 3.) According to Nautical, over the course of the litigation, the McCullers have propounded 110 written Interrogatories, Requests for Production, and/or Requests for Admissions.[1] Nautical further claims that counsel for the McCullers redeposed two of its eight fact witnesses and five physicians who had already been deposed. (R. Doc. 125-2, p. 3.)

Counsel for the McCullers forwarded a proposed Notice of Rule 30(b)(6) Organizational Deposition By Video to counsel for Nautical, seeking testimony from Nautical's designated corporate representative on a wide array of topics. The topics include but are not limited to: the International Safety Management Code ("ISM" Code); recognition of hazards regarding Jacob's ladders; any non-conformity concerning the Jacob's ladder at issue; protocols for inspecting Jacob's ladders; communication of any precautions/safety to field personnel concerning Jacob's ladder inspections; explanation of the vessel's inability to dock port side at the Halliburton dock on the date of the incident in question; statutory duties imposed by the Occupational Safety and Health Administration ("OSHA") for safe access to vessels; federal maritime regulations on offshore supply vessels as promulgated in 46 CFR Chapter "L;" and widely accepted national and international

---

[1] Specifically, the McCullers' original counsel propounded 27 Requests for Production of Documents, 32 Interrogatories, 10 Requests for Admissions. (R. Doc. 125-2, p. 3.) Thereafter, current counsel enrolled and propounded an additional 10 Interrogatories, 15 Requests for Production of Documents, and 16 Requests for Admissions.

2

safety standards of maritime industry for pilot ladder rigging and safety. (*See generally* R. Doc. 125-3.) The Notice seeks testimony on 19 designated topics.

The Notice also includes three separate Requests for Production. Specifically, it requests the production of the following items: (1) all documents developed or written by Nautical to comply with or satisfy any obligations, duties, or responsibilities set forth in the ISM code, including safety manuals, and the M/V LEGEND's Certificates of Documentation, Certificates of Inspection, Documents of Compliance, and Safety Management Certificates; (2) all written instructions concerning Jacob's ladder inspection; and (3) all documents describing written instructions for protection of a Jacob's latter during deployment. (R. Doc. 125-3, p. 4.)

Nautical filed the subject motion seeking the entry of a protective order on its behalf preventing the McCullers from proceeding forward with their proposed Rule 30(b)(6) Notice of Deposition. (*See* R. Doc. 125-3, Notice of R. 30(b)(6) Organ. Depo. by Video, Ex. A.) It argues that the requests are overly broad, vague, and at times improper. (R. Doc. 125-2, p. 3.)

The McCullers oppose the motion, arguing that Nautical is attempting to evade its corporate deposition. (R. Doc. 130-3, p. 2.) They insist that the requests in the Notice seek relevant, discoverable information. Accordingly, the McCullers urge the Court to deny the motion.

## II. **Standard of Review**

The decision to enter a protective order is within the Court's discretion. *Thomas v. Int'l Bus. Mach.*, 48 F.3d 478, 482 (10th Cir. 1995). Rule 26(c) governs the issuance of protective orders. It provides in pertinent part:

> A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending--or as an alternative on matters relating to a deposition, in the court for the district where the deposition will be taken. The motion must include a certification that the movant has in good faith conferred or

attempted to confer with other affected parties in an effort to resolve the dispute without court action. The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense.

Fed.R.Civ.P. 26(c).

Rule 26(c), however, contains a requirement that good cause be shown to support the issuance of a protective order, providing that "the burden is upon the movant to show the necessity of its issuance, which contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements." *In re Terra Int'l, Inc*., 134 F.3d 302, 306 (5th Cir. 1998).

Furthermore, under Rule 26(d),"[u]nless, on motion, the court orders otherwise for the parties' and witnesses' convenience and in the interests of justice: (A) methods of discovery may be used in any sequence; and (B) discovery by one party does not require any other party to delay its discovery." Fed.R.Civ.P. 26(d). The principal effect of Rule 26(d) is "to eliminate any fixed priority in the sequence of discovery." Advisory Committee's Note to Fed.R.Civ.P. 26(d), 1970 Amendments. A court has discretion to vary the usual priority, however, such relief is granted "only for 'the most obviously compelling reasons.'" Advisory Committee's Notes to Fed.R.Civ.P. 26(d), 1970 Amendments (quoting 2A Barron & Holtzoff, *Federal Practice and Procedure* 44-47 (Wright ed. 1961)).

### III. Analysis

Nautical argues that the proposed Rule 30(b)(6) Notice is excessive, noting that it contains in excess of 22 areas of inquiry, not including subparts. (R. Doc. 125-2, p. 3.) In Nautical's view, the Notice is "a Pandora's box of separate, distinct interrogatories, requests for production, admissions, etc." (R. Doc. 125-2, pp. 3-4, n.2.) It insists that almost all of the topics addressed therein "have either already been covered in other discovery or are thinly veiled attempts by [the

4

McCullers'] counsel to subvert the proper limitations on discovery." (R. Doc. 125-2, p. 3.) Nautical also maintains that many of the requests are overly broad and vague. (R. Doc. 125-2, p. 3.)

The McCullers oppose the motion, arguing that it is merely Nautical's attempt to avoid having to go on the record during a deposition. (R. Doc. 130-3, p. 2.) They concede that "significant discovery" has been conducted in this case, implicitly suggesting that some of the material covered in the Notice may have already been addressed. (R. Doc. 130-3, p. 2.) However, the McCullers assert that "written discovery is no substitute for an organization's deposition." (R. Doc. 130-3, p. 2.) While they express a willingness to withdraw Topic No. 14, the McCullers insist that the remaining requests seek relevant, discoverable information.

During the oral hearing, counsel for Nautical argued that many of the questions in the Notice at issue have been asked and answered. The Court asked counsel whether the discovery responses had been properly verified and signed, and counsel indicated that his clients have answered the discovery requests multiple times. He further emphasized that fact witnesses also have testified on the issues listed in the Notice.

The undersigned then asked counsel whether there are any components in the Notice which have not been covered. He explained that the some of the topics have been covered, but not all of the topics. However, he pointed out that the Notice asks Nautical to provide its interpretation of federal, international, and maritime law, among other things.

The Court engaged in a comprehensive review of the entire Notice during the hearing, including all 19 topics listed therein. The Court observed multiple issues with the form of the Notice, *i.e.,* the Notice is rife with questions rather than explicit topics of inquiry, and it incorporates Requests for Production of Documents. Additionally, the Notice lacks specificity to the instant litigation, and in many instances it calls for a lay person to render a legal opinion. Likewise, the

5

Notice requests general interpretations of laws, statutes, and the ISM Code.

Based on the foregoing, the Court finds that the Notice in its current form is improper and unenforceable. Accordingly, the Court orders counsel for the McCullers to restructure the entire Rule 30(b)(6) Notice by making it more narrowly tailored, more specific more purposed, and more focused on the issues in this case. Therefore, the Court strikes the McCullers' current Notice and grants Nautical's motion to quash as it relates to the defective Notice.

The Court reminds counsel, however, that this ruling is limited to the Notice itself. Stated otherwise, this Order does <u>not</u> forbid Nautical's corporate deposition in its entirety. Rather, counsel for the McCullers shall reissue the Rule 30(b)(6) Notice to Nautical in accordance with the opinion set forth herein. To the extent that further relief is required, counsel may submit a motion at that time.

**IV.     Conclusion**

Accordingly,

**IT IS ORDERED** that the Defendant, Nautical Ventures, LLC's **Motion For Protective Order (R. Doc. 125)** is hereby **GRANTED.**

**IT IS FURTHER ORDERED** that counsel for the McCullers shall reissue a new, more specific, more narrowly tailored Rule 30(b)(6) Notice in accordance with the dictates of the opinion herein.

New Orleans, Louisiana, this 31st day of July 2009

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**