UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| MIRANDA MCCULLER, WIFE OF/ | * | |
| AND BENJAMIN MCCULLER | * | CIVIL ACTION |
| | * | |
| VERSUS | * | NO. 05-1195 |
| | * | |
| NAUTICAL VENTURES, LLC, et al. | * | SECTION "L"(4) |

## ORDER AND REASONS

Before the Court is a Motion for New Trial on the Issue of Future Medical Expenses, or Alternatively, to Increase Future Medicals Compensation (Rec. Doc. No. 284) filed by Plaintiffs. The Court has reviewed the submitted memoranda and the applicable law. For the following reasons, the Motion for New Trial on the Issue of Future Medical Expenses, or Alternatively, to Increase Future Medicals Compensation is granted.

## I. BACKGROUND

This case arises out of an accident that occurred on April 2, 2004, while Plaintiff Benjamin McCuller was working for Halliburton at a dock in Fourchon, Louisiana. Mr. McCuller alleges his job required him to gain access to vessels as they were serviced and supplied at the dock. On April 2, 2004, Mr. McCuller boarded the M/V C-LEGEND, owned by Defendant Nautical Ventures, by using a safety rope ladder. Mr. McCuller alleges he was required to use this ladder at the request of the captain of the C-LEGEND, although the gangway was the traditional and almost exclusive method of boarding vessels at the dock. Mr. McCuller alleges that when he used the rope ladder one of the rungs collapsed, causing him to fall to the dock. Mr. McCuller alleges that he sustained injuries to his back and knees as a result of the fall.

1

He alleges jurisdiction of this Court under the Jones Act and General Maritime Law for negligence, and has made demand for compensatory damages in the amount of $2 million and punitive damages in the amount of $4 million. Additionally, Plaintiff Miranda McCuller, Mr. McCuller's wife, has made demand for loss of consortium in the amount of $250,000.

On October 7, 2009, this Court entered judgment in favor of Benjamin McCuller against Nautical Ventures for $1.24 million, as well as in favor of Miranda McCuller and against Nautical Ventures for $56,000. The Plaintiffs appealed the Court's findings of comparative fault and its damages award, and Defendant appealed the Court's finding of liability. The United States Court of Appeals for the Fifth Circuit issued its judgment on July 28, 2011, affirming this Court's findings of liability and comparative fault, and vacating and remanding this Court's damages award with respect to expenses for the Plaintiff's future medical needs. The opinion explained that it found the award of $100,000 for future medical expenses "insufficiently particular" and remanded the case for further findings on the issue.

On August 17, 2011, the Plaintiffs filed a Motion for a New Trial on the Issue of Future Medical Expenses.

## II. PENDING MOTION

Plaintiffs have filed a Motion for a New Trial on the Issue of Future Medical Expenses, or Alternatively, to Increase Future Medicals Compensation. Plaintiffs assert that the appellate court's action vacating the future medical damages compensation allows this Court to more accurately assess Mr. McCuller's medical expenses. Plaintiffs argue that there is neither statutory nor jurisprudential prohibition against considering the events which have occurred since the original trial. Plaintiffs contend that this Court can, and should, address the known changes to Mr. McCuller's medical costs by considering new and available evidence, and that

equity weighs in favor of considering new evidence now available. Finally, Plaintiffs argue that justice will only be done by taking new evidence as to the developments in Mr. McCuller's medical care in a new trial.

Defendant opposes this motion, arguing that re-opening testimony in this case is not warranted because the already existing record is sufficient to determine future medical expenses. Defendant contends that while the jurisprudence supports the trial court's discretion to allow supplemental testimony, if needed, to craft more specific findings supporting its original award, there is no support for the taking of testimony on alleged post-trial changes in circumstances. Finally, Defendant asserts that because the purpose of a trial is to bring a level of finality to a dispute, no forecast can be perfect and the circumstances of litigants will always change post-trial. Therefore, Defendant argues, the Court should only review the original trial record in calculating Plaintiffs' award for future medical expenses.

## III. LAW AND ANALYSIS

### A. Standard of Review for Motions for New Trial

Federal Rule of Civil Procedure 59 provides that a new trial may be granted "on all or part of the issues . . . after a nonjury trial, for any reason for which a rehearing has heretofore been granted in a suit in equity in federal court." Fed. R. Civ. P. 59(a)(1)(B). Although Rule 59 does not list specific grounds for a new trial, the United States Court of Appeal for the Fifth Circuit has held that a new trial may be granted if "the verdict is against the weight of the evidence, the damages awarded are excessive, the trial was unfair, or prejudicial error was committed in its course." *Smith v. Transworld Drilling Co.*, 773 F.2d 610, 613 (5th Cir. 1985) (citations omitted); *see also McFadden v. Wal-Mart Stores*, No. 04-2547, 2006 WL 30871464, at *2 (E.D.La. October 27, 2006); *Wilhelm v. Blue Bell, Inc.*, 773 F.2d 1429, 1433 (4th Cir. 1985)

("[T]he district court had a duty to order a new trial if this action was required in order to prevent injustice.") (citations omitted).

**B. Plaintiff's Motion for New Trial on the Issue of Future Medical Expenses, or Alternatively, to Increase Future Medicals Compensation (Rec. Doc. No. 284)**

The Fifth Circuit has repeatedly held that "the decision to grant or deny a motion for new trial generally is within the sound discretion of the trial court and will not be disturbed unless there is an abuse of that discretion or a misapprehension of the law." *Dixon v. International Harvester Co.*, 754 F.2d 573, 586 (5th Cir. 1985). *See Prytania Park Hotel, Ltd. v. General Star Indemnity Co.*, 179 F.3d 169, 175 (5th Cir. 1999); *Mitchell v. Lone Star Ammunition, Inc.*, 913 F.2d 242, 252 (5th Cir. 1990); *Shows v. Jamison Bedding, Inc.*, 671 F.2d 927, 930 (5th Cir. 1982); *Evers v. Equifax, Inc.*, 650 F.2d 793, 796 (5th Cir. 1981). After a motion for a new trial is granted, the Federal Rules of Civil Procedure provide courts with significant abilities, including the capability to "take additional testimony, amend findings of fact and conclusions of law or make new ones, and direct the entry of a new judgment." Fed. R. Civ. Pro. 59(a)(2).

Upon partial remand for further findings and conclusions as to the McCullers' damages for future medical expenses the Fifth Circuit stated that "the district court, may, of course, make such further findings and conclusions as it may see fit, and may, *in its discretion*, take further evidence as to damages, or base its findings and conclusions upon the record already made." *McCuller v. Nautical Ventures, LLC*, No. 09-31084, 2011 WL 3209854 (5th Cir. July 28, 2011) (emphasis added), *quoting Neill v. Diamond M. Drilling Co.*, 426 F.2d 487, 492, (5th Cir. 1970); *see also* 9C Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 2577, at 303 (3d ed. 2008) (The court of appeals "may . . . leave it to the trial court to decide whether

4

further findings should be on the basis of the existing record or on the record as supplemented on the remand.").

Plaintiff's medical treatment and needs have continued to evolve. In his memorandum in support of his motion, Plaintiff alleges that the life care plans presented at trial have underestimated his future medical requirements. Among the factors warranting new evidence, Plaintiff asserts that he has had to undergo two unanticipated surgeries for injuries stemming from the accident, and that his long-term pharmaceutical needs have been more clearly established since this matter's 2009 trial. Consideration of the recent developments would assist this Court in determining a fair and equitable award for future medical expenses. Moreover, at trial, Defendant will have the opportunity to rebut any new evidence that Plaintiff presents. Therefore, although the judicial system values the finality that a trial brings to an issue, in this case, the interests of justice weigh more heavily in favor of reopening the case for further testimony in order to determine a more accurate and fair award. Accordingly, this Court must grant the motion for a new trial on the issue of future medical expenses.

## IV. CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that Plaintiffs' Motion for New Trial on the Issue of Future Medical Expenses, or Alternatively, to Increase Future Medicals Compensation (Rec. Doc. No. 284) is **GRANTED**.

New Orleans, Louisiana, this 22nd day of November, 2011.

_____
UNITED STATES DISTRICT JUDGE